IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAXFIELD & OBERTON HOLDINGS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware corporation <br><br> Defendant. | ) ) ) ) ) ) ) Case No. ) ) ) ) |

## COMPLAINT

Plaintiff Maxfield & Oberton Holdings, LLC (hereinafter "Plaintiff" and/or "Maxfield"), by and through its attorneys of record, Kaplan Papadakis & Gournis, P.C., for its Complaint against Defendant Amazon.com, Inc. ("Defendant"), states as follows:

### JURISDICTION AND VENUE

1. The present Complaint arises under an action for trademark infringement, unfair competition and false designation of origin under 15 U.S.C. § 1051, et seq.

2. This Court has jurisdiction over the subject matter by virtue of 28 U.S.C. §§ 1331 and 1338.

3. This Court has personal jurisdiction over Defendant. In particular, Defendant is advertising its business(es) within this State, doing business in this State and commits, on an ongoing basis, acts of trademark infringement, unfair competition and false designation in this District.

4. Venue lies in this District by virtue of 28 U.S.C. §1391(c).

1

## PARTIES

5. Plaintiff Maxfield is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York.

6. Defendant is a Delaware corporation with its principal place of business in Seattle, Washington.

## PLAINTIFF'S TRADEMARK RIGHTS

7. Under the leadership of founding partners Craig J. Zucker and Jake Bronstein, Maxfield markets and distributes the Buckyballs magnetic desk toy product throughout the United States and 20 foreign countries. Maxfield commenced operations in 2009.

8. Over time, Maxfield has expanded its online presence through various advertising outlets and social networking sites, as well as its popular website found at www.getbuckyballs.com.

9. Maxfield's Buckyballs product has become extremely successful with more than 1.5 million units sold since 2009.

10. Maxfield has been using the Buckyballs trademark since at least as early as March 1, 2009. Such use has been continuous and widespread throughout the country.

11. Maxfield is the owner of the U.S. Trademark Registration No. 3,733,723 for the mark "Buckyballs" in International Class 28, for Jigsaw and Manipulative Puzzles, Manipulative Puzzles, Puzzle Games, and Puzzles (the "Trademark"). The Trademark application was filed on April 30, 2009. The United States Patent and Trademark Office issued the registration on January 5, 2010. The registration is in full force and effect. A true and correct copy of the Trademark registration is attached hereto as Exhibit A.

12. Maxfield has given notice of its registration of the Trademark by displaying it with the appropriate symbol ®. The Trademark has been in use for more than two years and the registration is incontestable.

13. The Buckyballs product consists of 216 five millimeter spherical magnets and is marketed and sold as a desk toy for adults and adolescents ages 14 and up.

14. Over the past few years, multiple competitors of the Buckyballs product have entered the marketplace and are selling similar products under names including, but not limited to: "Zen Magnets," "Magnet Balls", "Neocube" and "Stickyballs".

15. Defendant operates a well known and popular website at www.amazon.com (the "Website"), in which both Defendant and third party retailers list products for sale. Visitors to Defendant's website view and purchase products, which are fulfilled by the third party retailers or directly by Amazon.

16. Defendant processes the sales from the website and receives a percentage of each sale made by third party retailers; Defendant then remits the balance to the third party retailers on a periodic basis.

17. Defendant lists Maxfield's Buckyballs product for sale on the Website through Maxfield's retail resellers, as well as products from many of Maxfield's competitors.

18. Over the past year, Defendant placed an advertisement for Buckyballs on the popular search engine website Google (at www.google.com), which when clicked on by a user would lead to a product listing on the Website that featured Maxfield's Buckyballs product.

19. However, on or about May 5, 2011, Maxfield learned that Defendant had placed an advertisement on Google purporting to advertise Buckyballs (the "Advertisement").

20. The Advertisement states "Buckyballs at Amazon.com." A true and correct screen capture of the Advertisement is attached hereto as Exhibit B.

21. Upon clicking on the Advertisement, one is taken to a page on the Website, which purports to be a listing for Buckyballs. A true and correct screen capture of the Website result upon clicking on the advertisement is attached hereto as Exhibit C.

22. On or about May 5th, Maxfield learned that the product listing that results from clicking on the Advertisement does not contain the Buckyballs product.

23. The Advertisement is not an advertisement for Buckyballs at all; in reality it is an advertisement for Maxfield's competitors' products.

24. A search for "Buckyballs" on the Website also results in a listing of products that are not Maxfield's Buckyballs product. A true and correct screen capture of the search results on the Website is attached hereto as Exhibit D.

25. On May 5, 2011, Maxfield sent a letter to Defendant informing Defendant that "Buckyballs" is a protected trademark and Defendant was therefore infringing on the Trademark and engaging in unfair competition (the "Letter").

26. Specifically, the Letter expressed concern that Defendant's use of the Trademark in the Advertisement could result in a likelihood of confusion by the public about the source, sponsorship, or affiliation of the products listed by Defendant on the Website; because the public may believe that the products contained on the Website were somehow authorized by or affiliated with Maxfield's Buckyballs product.

27. Maxfield expressed its desire to resolve this matter amicably, and requested that Defendant only use the Trademark in connection with advertisements for Maxfield's Buckyballs product.

28. The Letter also stated that in the event Defendant was unwilling or unable to comply with Maxfield's request, then Maxfield demanded that Defendant immediately and permanently cease and desist from further violating Maxfield's federally protected trademark rights. A true and accurate copy of the Letter is attached hereto as Exhibit E.

29. Maxfield attempted to amicably resolve this dispute in good faith because it was hopeful that Defendant's infringement upon the Mark was unintentional and that the parties might develop a mutually beneficial relationship.

30. However, Defendant has not altered or terminated its use of the Trademark in response to the Letter. Defendant has failed to respond to the Letter in any form whatsoever. Defendant continues to use the Trademark in connection with the Advertisement and search results.

31. Defendant's infringement has become willful since Defendant continues to infringe upon the Trademark after it was notified on May 5, 2011 of its infringement.

32. Defendant's infringement upon the Trademark has caused and will continue to cause irreparable injury and damage to Maxfield unless and until enjoined by this Court. Monetary relief will not adequately compensate Maxfield for all of its injuries.

### COUNT I - TRADEMARK INFRINGEMENT BY DEFENDANT

33. Maxfield adopts and realleges paragraphs 1-32 of the Complaint as paragraph 33 of this Complaint as if fully set forth herein.

34. Maxfield is the owner of U.S. Trademark Registration No. 3,733,723 for the trademark "Buckyballs." The registration was issued on January 5, 2010.

35. Defendant's use of "Buckyballs" in connection with competing products, is likely to cause confusion by the public about the source, sponsorship, or affiliation of the products listed and sold by Defendant on the Website

36. On information and belief, Defendant's use of "Buckyballs" for competing products has caused actual confusion.

37. Defendant's use of "Buckyballs" has caused, and will continue to cause, irreparable harm to Maxfield, and unjust enrichment to Defendant.

38. Defendant's actions have been and continue to be in complete willful and wanton disregard for the rights of Maxfield.

39. By way of such action, Defendant has violated the exclusive rights of Maxfield, which conduct comprises trademark infringement under 15 U.S.C. § 1114. Such conduct will continue unless and until enjoined by this Court.

## COUNT III - UNFAIR COMPETITION BY DEFENDANT

40. Maxfield adopts and realleges paragraphs 1-32 of the Complaint as paragraph 40 of this Complaint as if fully set forth herein.

41. Maxfield is the owner of U.S. Trademark Registration No. 3,733,723 for the trademark, "Buckyballs".

42. Defendant's use of "Buckyballs" in connection with competing products is likely to cause likelihood of confusion by the public about the source, sponsorship, or affiliation of the products listed and sold by Defendant on the Website

43. On information and belief, Defendant's use of "Buckyballs" for competing products has caused actual confusion.

44. Defendant's use of "Buckyballs" has caused, and will continue to cause, irreparable harm to Maxfield, and unjust enrichment to Defendant.

45. Defendant's actions have been and continue to be in complete willful and wanton disregard for the rights of Maxfield.

46. By way of such action, Defendant has violated the exclusive rights of Maxfield, which conduct comprises unfair competition, namely, among other things, false designation of origin under 15 U.S.C. § 1125. Such conduct will continue unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays:

A. For judgment to be entered by this Court in favor of Maxfield and against Defendant;

B. For entry of a preliminary and permanent injunction enjoining Defendant from using a mark confusingly similar to the Trademark.

C. For compensatory recovery adequate to compensate Maxfield for Defendant's actions, including both damage to Maxfield and unjust enrichment to Defendant, and, an increase of said compensation due to the willful and wanton nature of Defendant's conduct;

D. An assessment against Defendant of Maxfield's reasonable attorney's fees and costs of suit;

E. For ordering corrective advertising to clarify the consumer confusion; and

F. For such other and further relief as the Court may deem appropriate or just.

## JURY DEMAND

Plaintiff demands a Jury trial on all issues so triable.

                              Respectfully submitted,

                              MAXFIELD & OBERTON HOLDINGS, LLC

                              By:   /s/ Jared I. Rothkopf
                                       One of its attorneys

Dean Gournis (#06229340)
Jared I. Rothkopf (#0629614)
KAPLAN PAPADAKIS & GOURNIS, P.C.
180 North LaSalle Street, Suite 2108
Chicago, Illinois 60601
(312) 726-0531